UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

THOMAS A. BAYNE, JR.,                    )
                                          )
          Plaintiff                       )
                                          )
v.                                        )          2:25-cv-00047-SDN
                                          )
GOVERNOR JANET MILLS, et al.,             )
                                          )
          Defendants                      )

**ORDER ON MOTION TO SEAL**

Plaintiff moves to seal exhibits that he filed in support of a motion for immediate relief.  (Motion to Seal, ECF No. 5.)  Plaintiff contends the seal of the exhibits is necessary "for [the] protection of Plaintiff & victims." (*Id*.)

When a court considers a motion to seal, the court must be mindful that the law recognizes a presumption "of public access to judicial proceedings and records."  *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013).  As the First Circuit has acknowledged, however, "[t]hough the public's right to access is vibrant, it is not unfettered.  Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat access."  *Id*. at 59 (quoting *Siedle v. Putnam Inv., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)).  In its assessment of a request to seal, a court is required to "carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case."  *Id*.

"[P]rivacy rights of participants and third parties are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records."  *United*

*States v. Nunez*, No. 1:11-cr-00205-JAW-6, 2021 WL 1095978, at *4 (D. Me. Mar. 22, 2021) (quoting *Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp.* 830 F.2d 404, 411 (1st Cir. 1987)). "Third-party interests, in particular, have been referred to as 'a venerable common law exception to the presumption of access, and weigh heavily in a court's balancing equation." *Id*. (citing *Kravetz*, 706 F.3d at 62).

A review of the exhibits reveals that while some of the documents might include information that would be properly sealed (e.g., personally identifying information), other documents would not appear to warrant sealing (e.g., publicly available documents). Furthermore, at this stage of the proceedings, the Court cannot discern the significance of all the documents and thus the public's interest is difficult to assess.

The Court, therefore, is not convinced that the seal of all the documents is appropriate. Nevertheless, because the Court has not completed its assessment under 28 U.S.C. § 1915 to determine whether Plaintiff has alleged an actionable claim within this Court's jurisdiction, the Court will grant the motion temporarily. The documents shall be sealed until further order of the Court. The Court will revisit the issue upon completion of its § 1915 review of Plaintiff's complaint.

## <u>NOTICE</u>

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 26th day of February, 2025.