UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

THOMAS A. BAYNE, JR.            )
                                )
        Plaintiff               )
                                )
    v.                          )   2:25-cv-00047-SDN
                                )
GOVERNOR JANET MILLS, et al.,   )
                                )
        Defendants              )

### RECOMMENDED DECISION AFTER REVIEW
### OF PLAINTIFF'S COMPLAINT

Plaintiff asserts claims against multiple defendants arising out of encounters with law enforcement and state child protective services.[1] (Complaint, ECF No. 1; Motion for Immediate Relief, ECF No. 4; Motion for Order of Relief, ECF No. 8; Motion for Order of Relief, ECF No. 10.)[2] Plaintiff also filed a motion to proceed without prepayment of fees, which motion the Court granted. (Motion, ECF No. 3; Order, ECF No. 7.)

In accordance with the statute governing actions filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Following a review of Plaintiff's complaint and related filings, I recommend the Court dismiss the matter.

---

[1] The named defendants are Maine Governor Janet Mills, Bobbie Johnson, Jack Waite, III, Monica Lee, Samantha Short, the Androscoggin Sheriff's Department, the Androscoggin Sheriff's Detention Center, the Maine State Police Tactical Team, Spurwink, Kim Foster, and the Lisbon Police Department.

[2] Plaintiff's complaint contains very limited factual allegations. Plaintiff also filed multiple motions for relief, which motions include more factual allegations. I considered the allegations in all Plaintiff's filings in the assessment of whether Plaintiff has alleged an actionable claim.

## DISCUSSION

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

In his form complaint, Plaintiff asserts that his claim is based on "verified child abuse of children in foster home." (Complaint at 6.) In his other related filings, Plaintiff alleges that the state "unjustly" separated him from his children and placed his children in foster care, where they have been deprived of sufficient services. (Motion for Immediate Relief at 1, 15-16, ECF No. 4; Motion for Immediate Relief Without Hearing at 1, ECF No. 10.)

Plaintiff evidently seeks to assert a due process claim on the child-related matters. (*See* Exhibit 1 to Motion for Relief, ECF No. 8-1 (listing cases concerning parental rights and due process).[3] Plaintiff's allegations consist of general grievances and conclusory statements about the child protective system[4] and some of the circumstances involving his children, but the allegations do not identify the person or persons who have allegedly deprived his children of their constitutional rights[5] or describe in sufficient detail how Plaintiff was improperly separated from his children. In other words, Plaintiff has not

---

[3] Plaintiff cites multiple constitutional amendments as the bases of his claims. (Complaint at 4.) Plaintiff's claims, therefore, would be asserted pursuant to 42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To maintain a claim under section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto–Rivera v. Medina–Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

[4] For instance, in one of Plaintiff's motions, Plaintiff alleges: "The State of Maine CPS. DHHS violates Title II of the ADA by administering its service for children with behavioral disabilities in a manner that fails to ensure that such children receive services in the most integrated setting appropriate to their needs." (Motion for Immediate Relief ¶ 21, ECF No. 4.)

[5] For example, Plaintiff alleges that one of his children "is being abused by the Maine CPS system" and that his children are "being denied their Constitutional Rights and Federal protections." (Motion for Immediate Relief at 1, ECF No. 4.)

described the "who, what when, where, and how" underlying a due process claim. *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (Mar. 20, 2020); *see also Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) ("[A complaint must include] enough detail to provide [the defendants] with fair notice of what the . . . claim is and the grounds upon which it rests."). Accordingly, Plaintiff's attempt to assert a due process claim based on his separation from his minor children fails.[6]

Plaintiff also describes an incident in which law enforcement damaged his house, which incident included law enforcement's alleged use of excessive force, and an arrest that subsequently exposed him to unsafe and unsanitary conditions and denial of medical treatment at the Androscoggin County Sheriff's Detention Center. Plaintiff's allegations against the Androscoggin Sheriff's Department, the Androscoggin Sheriff's Detention Center, the Maine State Police Tactical Team, and the Lisbon Police Department are essentially claims against Androscoggin County, the State of Maine, and the Town of Lisbon. *See Henschel v. Worcester Police Dept.*, 445 F.2d 624, 624 (1st Cir. 1971) (dismissing § 1983 claim against police department because it was not suable entity apart from the municipality).

Municipal or governmental entities, like Androscoggin County and the Town of Lisbon, cannot be vicariously liable for a constitutional deprivation simply because the deprivation was caused by an employee. *Welch v. Ciampa,* 542 F.3d 927, 941 (1st Cir.

---

[6] Plaintiff also references the Americans with Disabilities Act and the Indian Child Welfare Act in connection with the circumstances regarding his children. Plaintiff, however, does not describe how his allegations support a cause of action under either Act.

4

2008) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978)). For a municipality to be liable for a constitutional deprivation, the plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997). Plaintiff has not alleged the existence of a policy or custom that would serve as a basis for the liability of Androscoggin County or the Town of Lisbon.

Further, under the doctrine of sovereign immunity exemplified by the Eleventh Amendment, the State of Maine may not be sued by citizens in federal court, regardless of the form of relief requested. *Poirier v. Mass. Dep't of Corr*., 558 F.3d 92, 97 n. 6 (1st Cir. 2009). Additionally, while a federal district court would have jurisdiction under the Civil Rights Act over claims against persons exercising state authority, § 1983 does not authorize claims against the state or its agencies. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64 (1989); *see also Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 124 (1st Cir.2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity.").[7]

Plaintiff also alleges that Spurwink and a Spurwink employee, Kim Foster, in violation of 17-A M.R.S. § 455, made misrepresentations regarding a mental health evaluation of Plaintiff. 17-A M.R.S. § 455 makes it a crime for a person to present or use anything known to be false with the intent to deceive a public servant who is or may be engaged in a pending official proceeding or official criminal investigation. "[I]t is well-

---

[7] Although Plaintiff references some unnamed individuals in his filings, he has not joined an individual defendant on his claims arising out of his encounters with law enforcement, including jail officials. Because Plaintiff has not alleged a claim against an individual regarding his claims involving law enforcement, I have not assessed whether Plaintiff's allegations would support a claim against an individual or individuals.

5

settled that criminal statutes do not provide a private cause of action. . . ." *Lundgren v. Universal Wilde*, 384 F. Supp. 3d 134, 136 (D. Mass. 2019); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Generally, a private citizen has no authority to initiate a federal criminal prosecution.  Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242.").  Accordingly, to the extent Plaintiff seeks to enforce or assert a claim based on 17-A M.R.S. § 455 or any other criminal statute, Plaintiff's claim fails.

Finally, Plaintiff alleges that he is asserting an "appeal" based on certain violations of his rights that evidently have occurred as part of a pending state criminal matter.[8] (Motion for Immediate Relief at 22, ECF No. 4.)  As a general rule, *Younger v. Harris*, 401 U.S. 37 (1971), requires abstention from the exercise of jurisdiction when a plaintiff seeks relief in federal court from a pending state criminal prosecution or analogous civil enforcement proceeding.  *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72–73, 78 (2013).  Abstention is mandatory absent "extraordinary circumstances," such as: (1) an action "brought in bad faith . . . for the purpose of harassment," (2) "the state forum provides inadequate protection of federal rights," or (3) the challenged "state statute is flagrantly and patently violative of express constitutional prohibitions" or there is "a facially conclusive claim of [federal] preemption."  *Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 192, 197 (1st Cir. 2015).  Plaintiff does not allege any extraordinary circumstances that would establish an exception to the *Younger* doctrine.  Abstention,

---

[8] The timing of Plaintiff's court appearance on state charges and Plaintiff's recent change of address notification (ECF No. 13) in which Plaintiff asserts that he is incarcerated after having been accused of violating his bail suggest the criminal matter is ongoing.

therefore, is required on the claim that implicate the pending state court criminal matter. *See Munir v. Superior Ct.*, No. CV 22-57WES, 2022 WL 670888, at *2 (D.R.I. Mar. 7, 2022) (concluding that under the *Rooker-Feldman* and *Younger* doctrines, a pending state postconviction proceeding bars federal civil suits until the petition is "adjudicated to conclusion in the state court (including appeal, if available, to the state's highest court)").

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint and related filings in accordance with 28 U.S.C. § 1915, I recommend the Court dismiss the matter.[9]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of April, 2025.

---

[9] As noted above, Plaintiff filed three motions for relief. (ECF Nos. 4, 8, 10.) I construe Plaintiff's motions as seeking immediate relief. If the Court adopts this recommendation and dismisses the matter, the motions would be denied or dismissed as moot. If the Court does not dismiss the matter, I recommend the Court deny the motions as Plaintiff has not satisfied the requirements for immediate injunctive relief set forth in Federal Rule of Civil Procedure 65.